# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROGER J. THOMAS,
                Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
SF-0752-16-0332-B-1

DATE: July 20, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Lincoln, New Hampshire, for the appellant.

Maureen Ney, Esquire, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed for lack of jurisdiction his claims under the Veterans Employment Opportunities Act of 1998 (VEOA) and Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), and dismissed as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

untimely filed his claim under the Whistleblower Protection Enhancement Act of 2012 (WPEA). For the reasons discussed below, we GRANT the appellant's petition for review as it concerns his USERRA claim, VACATE the remand initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The agency removed the appellant, effective January 31, 2016, for failure to maintain a regular work schedule. *Thomas v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-16-0332-I-1, Initial Appeal File (IAF), Tab 7 at 20. The appellant filed a removal appeal with the Board on March 7, 2016. IAF, Tab 1. He also alleged whistleblower reprisal and violations of his VEOA and USERRA rights. *Id.* at 4. As to his whistleblower reprisal claim, he indicated that he had filed a complaint with Office of Special Counsel (OSC) on May 1, 2015, but left blank the inquiry on his initial appeal form regarding the date that OSC issued its close-out letter. *Id.* As to his USERRA or VEOA claims, the appellant indicated that he filed a Department of Labor (DOL) complaint on July 27, 2015, and that DOL made a decision on his complaint. *Id.*

¶3 The administrative judge notified the appellant that his appeal appeared to be untimely filed. IAF, Tab 9 at 1-2. She provided the parties with a notice of the appellant's burden to prove the timeliness of his appeal, or if untimely, that there was good cause for the delay. *Id.* at 3-6. The appellant responded that he was untimely due to a medical condition. IAF, Tab 12. The agency also responded. IAF, Tab 14. After considering the parties' responses, the administrative judge dismissed the appeal as untimely filed without good cause. IAF, Tab 15, Initial Decision at 11.

¶4 The appellant, through his designated representative, filed a petition for review challenging the initial decision. *Thomas v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-16-0332-I-1, Petition for Review (PFR) File,

Tab 3 at 2-3, Tab 4. The Board issued a Remand Order granting the petition for review. *Thomas v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-16-0332-I-1, Remand Order (RO), ¶ 1 (Dec. 16, 2016). The Board found that the administrative judge properly dismissed the removal appeal as untimely filed. RO, ¶¶ 9-17. However, it remanded the appeal to the administrative judge to provide the appellant with the jurisdictional burdens for, and an opportunity to present evidence and argument to establish jurisdiction over, his potential USERRA, VEOA, and individual right of action (IRA) appeals. RO, ¶¶ 20-21.

¶5 On remand, the administrative judge issued an acknowledgment order informing the appellant of his jurisdictional burdens for the claims he raised on appeal. *Thomas v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-16-0332-B-1, Remand File (RF), Tab 2 at 2-14. Fourteen days after the acknowledgment order was issued, the appellant filed a pleading asking the administrative judge to provide him with notice of his jurisdictional burden as required by the Remand Order. RF, Tab 3 at 4-7. In response, a staff member in the Board's regional office contacted the appellant and informed him that the acknowledgment order contained the required jurisdictional information. RF, Tab 4 at 1-2. The appellant indicated that he had received the acknowledgment order but had not read it. *Id.* at 2. The administrative judge subsequently ordered the appellant to file evidence and argument to show cause why his appeal should not be dismissed for lack of jurisdiction. *Id.* The appellant did not respond to the order, and the agency filed a motion to dismiss his appeal. RF, Tab 5 at 4-5.

¶6 Without holding a hearing, the administrative judge issued a remand initial decision dismissing the appeal. RF, Tab 6, Remand Initial Decision (RID) at 14. Concerning the appellant's USERRA claim, the administrative judge found that he failed to make a nonfrivolous allegation that his removal was due to his prior military service. RID at 11-12. Concerning his VEOA claim, the administrative judge found that the appellant provided no evidence that he exhausted his veterans' preference claim with DOL. RID at 14. Therefore, the administrative

judge found that the appellant failed to establish jurisdiction over these claims. Concerning the whistleblower reprisal claim, the administrative judge found that the appellant received a close-out letter from OSC in August 2015. RID at 9-10. Based on this finding, she concluded that his March 2016 initial appeal was untimely filed.[2] *Id.*; IAF, Tab 1 at 35.

¶7       The appellant, through a new attorney representative, has filed a remand petition for review challenging the dismissal of his appeal. *Thomas v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-16-0332-B-1, Remand Petition for Review (RPFR) File, Tabs 1, 7. On review, the appellant's new attorney argues that the appellant's prior representative mishandled his appeal and the appellant did not understand that he was required to respond to the administrative judge's orders. RPFR File, Tab 1 at 4-5. He further argues that the appellant was "preoccupied" by military and job-related injuries. *Id.* As to the appellant's claim of whistleblower reprisal, the appellant alleges that he received a close-out letter but cannot locate it. He asserts that "more than 120 days have long since passed after the OSC closed the case," but he does not indicate when he received the close-out letter. *Id.* at 5. He attaches a copy of an OSC complaint that pre-dated his removal, but does not attach the close-out letter. RPFR File, Tab 4. As to his USERRA claim, he asserts that management

---

[2] The administrative judge stated that she was dismissing the appellant's potential IRA appeal for lack of jurisdiction. RID at 8-10. However, because she found that he did not file his appeal within 60 days of receipt of the OSC close-out letter, this finding was on timeliness, not jurisdiction. *See Inman v. Department of Veterans Affairs*, 115 M.S.P.R. 41, ¶ 16 (2010) (finding that an administrative judge properly dismissed an IRA appeal as untimely filed because the appellant did not file his appeal within 60 days of OSC notifying him that it was concluding its investigation into his allegations of whistleblower reprisal and he had the right to file an appeal with the Board). Because the administrative judge properly stated the timeframe for filing an IRA appeal and otherwise made appropriate findings, we find that the error of characterizing her finding as jurisdictional is harmless. *See Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 18 (2014) (observing that an administrative judge's alleged procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

was antagonistic towards him as a disabled veteran, which resulted in their denial of his request for his leave to be protected under the Family and Medical Leave Act of 1993 (FMLA), and thus his termination for that leave. RPFR File, Tab 1 at 6-7. He also attaches an August 24, 2013 news article in support of his claim that employees generally are antagonistic towards disabled veterans.[3] RPFR File, Tab 1 at 5-18, Tab 2 at 5-15. The agency has responded. RPFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has established Board jurisdiction over his USERRA discrimination claim.

¶8 Under 38 U.S.C. § 4311(a), "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service." To establish jurisdiction over a USERRA discrimination claim under section 4311(a), the appellant must nonfrivolously[4] allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012); *see* 5 C.F.R. § 1201.57(a)(3), (b) (providing that to establish jurisdiction, an appellant must nonfrivolously allege the substantive jurisdictional elements of a USERRA appeal). USERRA, however, does not authorize the Board to adjudicate a claim of discrimination based on disability alone, even if the underlying disability arose from military service. *McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998). A claim

---

[3] The appellant does not challenge the administrative judge's finding that he did not exhaust his VEOA claim. RID at 14. We decline to disturb this finding on review.

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous. *Gossage*, 118 M.S.P.R. 455, ¶ 10.

¶9    The administrative judge below found that the appellant made nonfrivolous allegations that he performed uniformed service and that the agency denied him retention in employment by removing him. RID at 11. However, she also found that he failed to nonfrivolously allege that the agency's actions were motivated by his military service. RID at 11-12. In light of the appellant's clarification of his claim in his remand petition for review, we find that he has established jurisdiction over his USERRA claim.

¶10    On review of the initial decision, the appellant alleged that his supervisor denied him rubber boots, resulting in an on-the-job injury, and denied him other benefits of employment, such as his requests for FMLA-protected leave, on the basis of, as relevant here, his military and veteran status. PFR File, Tab 8 at 16, 20; RO, ¶ 7 n.3. In his remand petition for review, the appellant further claims, "antagonism against him, as a disabled veteran, was obvious on the part of management . . . . Eventually, he needed more time off than he could get management to authorize and he lost his job because of it." RPFR File, Tab 1 at 6. He states, "When he asked for FMLA the Agency never signed, nor authorized it. Essentially, he really lost his job because of the antagonism of employees at the VA against disabled veterans and because of the injury caused by the gross negligence of the Agency." *Id.* at 6-7. The Board can consider any new or clarified allegations made in his remand petition for review because jurisdiction may be raised at any time during a proceeding. *See Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985).

¶11    Here, the appellant directly connects the alleged denial of his FMLA leave and his ultimate removal to the fact of his military service and veteran status, and not just to his service-related disability. If an appellant alleges that his status as a disabled veteran is the reason an agency has taken an action or denied a benefit, he is alleging that the action or denial was "on the basis of" his "obligation to

perform service in a uniformed service." 38 U.S.C. § 4311(a); *see Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶¶ 12-15 (2011) (finding Board jurisdiction over an appellant's allegation of retaliation based on use of leave to which he was entitled only due to his status as a disabled veteran); *Lazard v. U.S. Postal Service*, 93 M.S.P.R. 337, ¶¶ 2, 8 (2003) (finding jurisdiction under USERRA over an appellant's claims that his suspension was the result of his refusal to perform duties that would have aggravated his service-connected injuries and that nonveterans were treated differently); *Durr v. Merit Systems Protection Board*, 844 F. App'x 329, 332 (Fed. Cir. 2021) (finding Board jurisdiction when the appellant alleged he was denied medical leave "for reason of [his] status of being a 10-point, military service-connected disabled veteran," and that "if another employee had made a request for leave for medical reasons, that such would have been granted").[5]

¶12    Although lacking in detail, the weakness of the appellant's assertions in support of his USERRA claim is not a basis to dismiss that claim for lack of jurisdiction; rather, if the appellant fails to develop his contentions, his USERRA claim should be denied on the merits. *Randall v. Department of Justice*, 105 M.S.P.R. 524, ¶ 5 (2007). Accordingly, we find that the appellant's proffered allegation is sufficient to establish Board jurisdiction over his USERRA discrimination claim.

The administrative judge properly found that the appellant's whistleblower reprisal appeal was untimely.

¶13    An appellant must file an IRA appeal within 60 days of receipt of OSC's written notification that it is terminating its investigation into the alleged whistleblowing retaliation. *Inman v. Department of Veterans Affairs*, 115 M.S.P.R. 41, ¶ 16 (2010). Here, the appellant did not provide a copy of

---

[5] The Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

OSC's close-out letter, which normally includes such notice, or state when he received the letter. However, he provided a July 30, 2015 letter from OSC, informing him that it had made a preliminary determination to close its inquiry into his complaint. IAF, Tab 1 at 17-19. OSC provided the appellant with 13 days to respond, and indicated that in the absence of a response, it would send him a letter terminating its investigation and advising him of his additional rights. *Id.* at 19. Based on this letter, and absent any evidence to the contrary, the administrative judge found that the appellant likely received his OSC close-out letter in August 2015. RID at 9. Thus, she concluded that his March 2016 appeal was untimely. Neither party disputes this finding on review, and we decline to disturb it. RPFR File, Tab 1 at 5.

¶14 On review, the appellant offers excuses for his failure to respond to the administrative judge's orders and submits a copy of his OSC complaint. RPFR File, Tab 1 at 4-5, Tab 4. Because his arguments and evidence do not concern the dispositive timeliness issue, we decline to consider them for the first time on review. *Roush v. Department of the Interior*, 59 M.S.P.R. 113, 118 (1993) (declining to consider evidence presented for the first time on review because, in pertinent part, the evidence was not material to the dispositive jurisdictional issue); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). To the extent that he is arguing that he has established good cause for his delay, the Board has no authority to excuse an untimely filed IRA appeal. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 8 n.3 (2013). Accordingly, we agree with the administrative judge that the appellant's WPEA claim is untimely filed.

**ORDER**

¶15    For the reasons discussed above, we REMAND this case to the Board's Western Regional Office for further adjudication of the appellant's USERRA claim in accordance with this Remand Order.  On remand, the administrative judge may readopt her prior findings dismissing the appellant's VEOA claim for lack of jurisdiction and dismissing his WPEA claim as untimely filed so that the appellant will have a single decision with appropriate notice of appeals rights addressing all of his claims.  *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).


FOR THE BOARD:                                   /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.